**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 23-1007**

─────────────

SHELIA ANDREWS,

    Plaintiff - Appellant,

  v.

UNITED METHODIST RETIREMENT HOMES, INC., d/b/a Cypress Glen Retirement Community,

    Defendant - Appellee.

─────────────

Appeal from the United States District Court for the Eastern District of North Carolina, at Elizabeth City.  Richard E. Myers, II, Chief District Judge.  (2:21-cv-00044-M)

─────────────

Submitted:  May 18, 2023         Decided:  May 23, 2023

─────────────

Before NIEMEYER, RICHARDSON, and RUSHING, Circuit Judges.

─────────────

Remanded by unpublished per curiam opinion.

─────────────

Shelia Andrews, Appellant Pro Se.  Paul S. Holscher, Savannah Trimmer, OGLETREE DEAKINS NASH SMOAK & STEWART, PC, Raleigh, North Carolina, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Shelia Andrews, a self-represented civil litigant, seeks to appeal the district court's order granting Defendant summary judgment in Andrews' employment action. Defendant moves to dismiss this appeal for lack of jurisdiction, asserting that the notice of appeal was not timely filed. Andrews opposes dismissal.

In civil cases, parties have 30 days after the entry of the district court's final judgment or order to note an appeal, Fed. R. App. P. 4(a)(1)(A), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5) or reopens the appeal period under Fed. R. App. P. 4(a)(6). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Bowles v. Russell*, 551 U.S. 205, 214 (2007).

The district court entered its judgment on November 23, 2022. Andrews did not file her notice of appeal until December 30, 2022—seven days after the appeal period expired, but within the 30-day excusable neglect period. While she did not request an extension of the appeal period in the notice of appeal, Andrews' response in opposition to Defendant's motion to dismiss expressly seeks additional time to appeal and offers reasons to excuse her untimely filing.

We construe Andrews' response as a motion for an extension of time under Rule 4(a)(5) and remand the case to the district court for a determination of whether Andrews has shown excusable neglect or good cause warranting an extension of the appeal period.[*]

---

[*] Under Rule 4(a)(5), the district court may extend the time to appeal if (i) a party moves for an extension of time within 30 days of the expiration of the appeal period and (ii) shows excusable neglect or good cause.

2

The record, as supplemented, will then be returned to this court for further consideration.

We defer acting on Defendant's motion to dismiss.

*REMANDED*